IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ADA CANCINO DE ARRODONDO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| ALLSTATE TEXAS LLOYDS | § | |
| AND STEVEN YODER | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYDS AND STEVEN YODER, and pursuant to Rule 15, Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1441 and 1332, files this their Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.
### BACKGROUND

Petitioners are the Defendants in a civil action now pending in the 93rd Judicial District Court of Hidalgo County, Texas, Cause Number C-0248-17-B, styled *Ada Cancino de Arredondo v. Allstate Texas Lloyds and Steven Yoder*, wherein Plaintiff seeks monetary relief for property damage, and alleged breach of contract, violations of the Texas Insurance Code, and Deceptive Trade Practices Act (DTPA), as well as claims for breach of the duty of good faith and fair dealing, conspiracy and fraud.

### II.
### BASIS FOR REMOVAL

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendants are diverse in citizenship from the Plaintiff. Defendants are not citizens of the State of Texas.

### III.

## DIVERSITY IN CITIZENSHIP

The Plaintiff, Ada Cancino De Arredondo, is domiciled in Hidalgo County, in the State of Texas, and was domiciled there at the time this action commenced. Plaintiff was at that time and is now a citizen of the State of Texas.

Allstate Texas Lloyds, a Defendant, is a Lloyds plan, an entity engaged in the business of writing insurance on the Lloyds plan. The Lloyds plan is an unincorporated association, which is considered to have the citizenship of its members, the underwriters. Allstate Texas Lloyds was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the States of Illinois and New Jersey[1]. The United States Supreme Court has consistently held for over one hundred years that the "citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." ***See Massey v. State Farm Lloyds Ins. Co. 993 F. Supp. 568, 570 (S.D. Tex. 1998); see also Gore v. Stenson, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984)*** The underwriters for Allstate Texas Lloyds, all reside outside the State of Texas and have continuously resided outside the State of Texas from January 1, 2009 to the present.

Defendant, Steven Yoder is not a resident of Texas as alleged, but a citizen of the State of Kansas and no other state. Accordingly, diversity of citizenship exists among the parties.

## IV.
## AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). No amount of is specified in Plaintiff's Original Petition. No binding stipulation has been filed. Should Plaintiff prevail on the claims against Defendants stated in the Plaintiff's Original Petition, attached to this Notice, Plaintiff

---

[1] An Affidavit regarding the residency of the underwriters will be supplemented.

would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00). The applicable policy provides dwelling limits of $104,000.00, other structure limits of $10,400.00 and contents coverage of $54,800.00. See attached Exhibit A. Additionally, prior to litigation, Plaintiff submitted a demand for $136,000.00. A copy is attached as Exhibit B. Accordingly, considering Plaintiff's pleadings and the damages Plaintiff would be entitled to, should she prevail, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**V.**

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiff and Defendants are diverse in citizenship and the amount in controversy exceeds $75,000.00.

**VI.**

This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition, which was the first notice to Defendants of this lawsuit. This removal is filed under 28 U.S.C. Section 1446(b).

**VII.**

Petitioner's time to answer or remove with respect to the Plaintiff's Original Petition has not expired. Plaintiff's Original Petition was served on the Defendant Steven Yoder on January 21, 2017. All Defendants properly joined and served consent to the removal of this case to Federal Court.

**VIII.**

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on

file with the State Court are attached hereto.

    WHEREFORE, ALLSTATE TEXAS LLOYDS AND STEVEN YODER, Defendants in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, remove this action for trial from the 93rd District Court, Hidalgo County, Texas to this Court, on this 20th day of February, 2017.

    Respectfully submitted,

    BY:   /s/ *Rosemary Conrad-Sandoval*
    Rosemary Conrad-Sandoval
    Attorney-in-charge
    State Bar #04709300
    Federal ID #13738
    R. Jordan Riley
    State Bar #24064424
    Federal ID #2515695

    Of Counsel
    ROERIG, OLIVEIRA & FISHER, L.L.P.
    10225 North 10th Street
    McAllen, Texas   78504
    (956) 393-6300
    (956) 386-1625 (Fax)

    ATTORNEYS FOR DEFENDANTS

## VERIFICATION

THE STATE OF TEXAS        :
                          :
COUNTY OF HIDALGO         :

I, ROSEMARY CONRAD-SANDOVAL, being first duly sworn, depose and say that: I am counsel for Petitioner, ALLSTATE TEXAS LLOYDS; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

_____
ROSEMARY CONRAD-SANDOVAL

SUBSCRIBED AND SWORN TO BEFORE ME by the said ROSEMARY CONRAD-SANDOVAL, this 20th day of February, 2017, to certify which witness my hand and seal of office.



_____
Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

John Saenz
Hilary Duncan
JOHN SAENZ & ASSOCIATES
805 Dallas Ave.
McAllen, Texas 78501

on this 20th day of February, 2017.

    /s/ *Rosemary Conrad-Sandoval*
    ROSEMARY CONRAD-SANDOVAL